**METROPOLITAN PROPERTY & CASUALTY INSURANCE COMPANY, Plaintiff-Appellee,**

v.

**Kenneth Victor NIETO, Defendant,**

**and**

**Josh Pemberton, Defendant-Appellant.**

**No. 14-35565**

United States Court of Appeals, Ninth Circuit.

Submitted March 7, 2017 *
Seattle, Washington

Filed March 09, 2017

John Woodruff Rankin, Jr., Esquire, Attorney, Jason Edward Vacha, Reed McClure, Seattle, WA, for Plaintiff-Appellee

Jesse Froehling, Antoni Henry Froehling, Attorney, Froehling Law Office, Puyallup, WA, for Defendant-Appellant

Before: GRABER, IKUTA, and HURWITZ, Circuit Judges.

MEMORANDUM **

Josh Pemberton appeals from the entry of summary judgment in favor of Metropolitan Property and Casualty in this insurance coverage dispute. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court correctly determined that Metropolitan had no duty to defend or indemnify Karen and Kenneth Nieto because their liability did not arise from an "occurrence" as defined in the policy. Pemberton's injuries did not result from an "accident" because Karen and Kenneth Nieto each engaged in deliberate acts and the injuries were a reasonably foreseeable result of those acts, see Safeco Ins. Co. of Am. v. Butler, 118 Wash.2d 383, 823 P.2d 499, 509 (1992); Grange Ins. Ass'n v. Roberts, 179 Wash.App. 739, 320 P.3d 77, 87 (2013), regardless whether the Nietos subjectively intended to injure Pemberton, see Butler, 823 P.2d at 510; United Servs. Auto. Ass'n v. Speed, 179 Wash.App. 184, 317 P.3d 532, 540 (2014).

Because his injuries did not result from an "accident," Pemberton cannot establish that "the loss falls within the scope of the policy's insured losses." Moeller v. Farmers Ins. Co. of Wash., 173 Wash.2d 264, 267 P.3d 998, 1001 (2011) (quoting McDonald v. State Farm Fire & Cas. Co., 119 Wash.2d 724, 837 P.2d 1000, 1003–04

(1992)). Summary judgment was therefore proper.

**AFFIRMED.**

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.